UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.   4:05-cr-15-SEB-VTW |
| DEAN O. CART, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On September 3, 2020 and February 18, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 14, 2020 (Docket No. 98) and Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on September 17, 2020 (Dkt. 109).  Defendant Dean O. Cart appeared via video conference from Clark County Jail. His appointed counsel James A. Earhart also appeared via video conference. The government appeared by Todd Shellenbarger, Assistant United States Attorney, via video conference.  U. S. Probation appeared by Officer Katrina Sanders via video conference.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. At the Initial Hearing on September 3, 2020, the Court advised Mr. Cart of his rights and provided him with a copy of the petition (Dkt. 98).  At the Initial Hearing on February 18, 2021, the Court advised Mr. Cart of his rights and provided him with a copy of the supplemental petition (Dkt. 109).

2. On September 22, 2020, defense counsel filed a Motion for Psychiatric and Psychological Examination. There being no objection by the Government, the Motion was granted on September 30, 2020 (Dkt. 118).

3. The Bureau of Prisons completed the psychiatric evaluation and submitted a Forensic Psychological Report to the Court on February 3, 2021 (Filed under seal at Dkt. 122). The psychologist determined that Mr. Cart was currently competent to proceed in this case. The parties agree with this determination and at the hearing on February 18, 2021, the Court found that the defendant, Dean O. Cart, was not currently suffering from a mental disease or defect which would render him unable to understand the nature and consequences of the proceedings against him.

4. The Court then proceeded to the Final Revocation Hearing on February 18, 2021.

5. The Government presented the testimony of U.S. Probation Officer Katrina Sanders. The Defendant presented the testimony of the defendant, Dean O. Cart.

6. The Government moved to dismiss Violation No. 2 (Dkt. 109).

7. The Court found the defendant had violated the conditions of his supervised release as set out in Violation No. 1 of the Petition (Dkt. 98).

8. The allegations to which Defendant was found to have violated, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "You shall report to the probation officer in a manner and frequency directed by the court or probation officer." |

> The offender was instructed to the report to the probation office on Friday, August 14, 2020, immediately after his release from Deaconess Cross Pointe; however, he failed to report as instructed.

9. The Court finds that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

10. The parties presented their respective arguments regarding the appropriate sentence for the defendant and whether a term of supervised release should be imposed upon completion of any term of imprisonment due to the defendant's recurring non-compliance.

11. The parties were ordered to submit their respective recommendations for the resolution of this violation within ten days of the hearing on February 18, 2021.

12. The Government filed its recommendation on February 26, 2021 (Dkt. 124).

13. The Defendant did not file a recommendation.

14. On March 11, 2021 U.S. Probation Officer Katrina Sanders filed a Status Update (Dkt. 125) which advised the Court of a potential placement for Mr. Cart at Core Nursing Home, located in Bedford, Indiana, and requested permission to begin the screening process necessary to determine Mr. Cart's eligibility for placement at that facility. The Court approved the U.S. Probation Officer's request on March 12, 2021 (Dkt. 126).

15. On April 26, 2021 U.S. Probation Officer Katrina Sanders submitted a subsequent Status Update (Dkt. 127) advising that Mr. Cart was approved for admission for long term care at Core Nursing Home in Bedford, Indiana, contingent upon receiving negative results for two COVID tests. Upon receipt of the two negative test results, Mr. Cart would then be released from

custody and transported to the nursing home.  The Court approved these arrangements on April 28, 2021 (Dkt. 128).

16. On May 13, 2021 Mr. Cart was released from custody and transported to Core Nursing Home.  According to U.S Probation Officer Sanders' Report on Offender filed on June 16, 2021 (Dkt. 129), Mr. Cart has remained at the nursing home since that time and appears to be doing well.

17. In the Report on Offender, Officer Sanders also recommended the following disposition of the pending supervised release violation,

> …this officer respectfully recommends the Court sentence the offender to time served and modify his lifetime term of supervised release conditions to include residence at a medical care facility as approved by the United States Probation Office. While Mr. Cart is residing at the nursing home, several of his current conditions cannot reasonable be enforced or monitored; therefore, this officer respectfully recommends the following conditions be suspended while he is residing in a medical care facility
>
> "1. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. This condition should be suspended as Mr. Cart is being treated within the facility and will not be allowed to leave the facility for additional treatment programs.
>
> 2. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above. There are other sex offenders who reside within the nursing home and separating the residents would not be possible.

      3. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. Again, due to Mr. Cart's restrictions, he will not be allowed to leave the facility for polygraph exams.

      4. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone (s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment." In the unlikely event Mr. Cart requires the use of Internet while residing at the nursing home, he will not have unlimited private access, therefore, this condition should be suspended as well.

      18.    On June 17, 2021 the Court directed the Clerk to provide a copy of the Officer's Report on Offender to the Government and Defense Counsel. The parties were directed to file a statement notifying the Court of their respective positions regarding Officer Sanders' recommendations for the resolution of the pending violation of supervised release and whether a hearing was necessary to resolve the matter. The parties were further advised that if they believed no further hearing was necessary the Court would proceed to issue a Report and Recommendation in this matter (Dkt. 130).

      19.    On June 24, 2021, the Defendant, by counsel, filed his response advising the court that he had no objection to the recommendations of the probation officer (Dkt. 131).

      20.    On June 25, 2021, the Government filed its response advising it had no objection to the recommendation of the probation officer and did not request a hearing (Dkt. 132).

      The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the Petition (Dkt. 98), that his supervised release should be REVOKED, and that he should be sentenced to

the custody of the Attorney General or his designee for a period of time served with lifetime supervised release to follow.

In addition to the mandatory conditions of supervision, it is recommended the following conditions be imposed to assist the probation officer in supervising Mr. Cart and to ensure the safety of the community:

> **You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.**
>
> **You shall report to the probation officer in a manner and frequency directed by the court or probation officer.**
>
> **You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.**
>
> **You shall not knowingly leave the judicial district without the permission of the court or probation officer.**
>
> **You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.**
>
> **You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.**
>
> **You shall reside at a medical care facility as approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.**
>
> **You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.**
>
> **You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.**
>
> **You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.**
>
> **You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.**

> **As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.**
>
> **You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.**
>
> **You shall not use or possess alcohol.**
>
> **You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.**
>
> **You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.**

Considering the nature and circumstances, the following search conditions would assist the probation office in attempts to monitor Mr. Cart.

> **You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary.**
>
> **You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.**

Mr. Cart is a convicted sex offender, and the following conditions are recommended to assist the probation officer in monitoring Mr. Cart's behavior and to protect the community.

> **You shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.**

**You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.**

**You shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.**

**You shall not remain at a place for the primary purpose of observing or contacting children under the age of 18.**

**You are prohibited from entering any place primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities.**

Mr. Cart will NOT be subject to the following conditions of supervised release:

**You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician and pay some or all of the costs of such treatment, if financially able.**

> *This condition is removed as Mr. Cart is currently living in a long-term care facility and will not be allowed to leave the facility for additional treatment programs.*

**You shall not participate in unsupervised meetings, non-incidental communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in mental health treatment or religious services with felons in such programs so long as the activity has been disclosed as described above.**

> *This condition is removed as Mr. Cart is currently living in a long-term care facility where other sex offenders reside and separating the residents would not be possible.*

**You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. You shall pay some or all of the costs of treatment, in accordance with your ability to pay.**

> *This condition is removed as Mr. Cart is currently living in a long-term care facility and would not be allowed to leave the facility for polygraph exams.*

**You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment. You shall pay some or all of the costs associated with the monitoring, in accordance with your ability to pay.**

> *This condition is removed as Mr. Cart is unlikely to require the use of Internet while residing at the long-term care facility, but if he does require its use, he will not have unlimited private access.*

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 6/28/2021

_Van Willis_
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal

9